IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| PENNY WILLIAMS ROSE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil File No. 1:23-cv-175 |
| DEEN MALIK, | ) ) ) | |
| Defendant. | ) ) | |

## **COMPLAINT**

NOW COMES the Plaintiff, complaining of the Defendant, and alleges and says as follows:

1.

That jurisdiction is based upon diversity of citizenship among Plaintiff and Defendant named herein. 28 U.S.C. §1332.

2.

That the amount in controversy, exclusive of interest and costs, exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). 28 U.S.C. §1332.

3.

That the acts alleged by the Plaintiff in this action occurred in Macon County, North Carolina, within the Western District of the State of North Carolina.

Accordingly, venue properly lies pursuant to 28 U.S.C. §1391.

4.

That Plaintiff is a citizen and resident of Macon County, North Carolina.

5.

That upon information and belief, Defendant is a citizen and resident of Queens County, New York.

6.

The parties and the subject matter of this complaint are within the jurisdiction of this Court and venue is proper in this Court.

7.

That the subject matter of this action involves an automobile collision which occurred on or about the 21st day of May 2023, in Macon County, North Carolina.

8.

That on or about the 21st day of May 2023, at approximately 12:01 p.m., Plaintiff was operating a motor vehicle traveling north on US-23.

9.

That on the same day and time referenced above, and immediately before the collision described below, Defendant was operating a motor vehicle attempting to make a left-hand turn from a PVA onto US-23 southbound.

10.

Defendant failed to yield to Plaintiff's vehicle, causing a collision in Plaintiff's lane of travel on US-23.

11.

That the violent impact from the collision described above caused personal injuries, including but not limited to, severe and permanent injuries, past, present, and future medical expenses, property damage and economic loss to the Plaintiff.

12.

To the extent that there is uninsured or underinsured motorist insurance coverage for the Plaintiff's injuries, the Plaintiff hereby demands binding arbitration to the extent that such arbitration is available from any uninsured and/or underinsured policy that provides coverage.

## **FIRST CLAIM FOR RELIEF**
## **NEGLIGENCE**

That Paragraphs 1-12 of this Complaint are hereby realleged and incorporated by reference herein.

13.

Defendant operated the Defendant's motor vehicle in a negligent manner in one or more of the following ways at the time and place described above in that:

(a) Defendant failed to yield to traffic traveling on US-23;

(b) Defendant failed to maintain a proper lookout for other vehicles on the road;

(c) Defendant failed to maintain Defendant's vehicle under proper control under the existing circumstances; and

(d) Any other way that may be shown at trial.

14.

That the negligence of the Defendant as described above was a direct and proximate cause of the collision described above which caused the personal injuries of the Plaintiff, including severe and permanent injuries, and medical expenses, and therefore Plaintiff is entitled to recover damages in an amount exceeding $75,000.00.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE PER SE

That Paragraphs 1-14 of this Complaint are hereby realleged and incorporated by reference herein.

15.

That Defendant's actions as described above constitute negligence per se in that these actions violated North Carolina General Statutes § 20-156.

16.

That the negligence of the Defendant as described above was a direct and proximate cause of the collision described above which caused the personal injuries of the Plaintiff including severe and permanent injuries, and medical expenses, and

therefore Plaintiff is entitled to recover damages in an amount exceeding $75,000.00.

WHEREFORE, the Plaintiff prays the Court to issue a judgment in the Plaintiff's favor and against the Defendant as follows:

1. That the Plaintiff have and recover of the Defendant in an amount in excess of $75,000.00 pursuant to the First Claim for Relief.

2. That the Plaintiff have and recover of the Defendant in an amount in excess of $75,000.00 pursuant to the Second Claim for Relief.

3. That the Defendant be ordered to pay the costs of this action.

4. For such other and further relief as the Court deems just and proper.

This the 14th day of July 2023.

                                                s/Mark R. Melrose
                                                NC State Bar No.: 17175
Adam R. Melrose
NC State Bar No.: 50873
Attorneys for Plaintiff
Melrose Law, PLLC
Post Office Box 567
Waynesville, North Carolina 28786
(828) 452-3141 Telephone
(828) 246-6221 Facsimile
melrose@mountainverdict.com